## CAKE v. STIDFOLE.

1. Actual notice is all that is required to charge an endorser.
2. Statements on information made in an affidavit of defence should be averred to be believed by defendent.

**Error to Court of Common Pleas of Schuylkill County.**

Suit was brought by Stidfole against Cake as endorser of a note, and an affidavit of defense was filed, as follows :

"Henry L. Cake, the defendant above named, having been sworn according to law, doth depose and say, that he has legal defence to the whole of plaintiff's claim in above suit, the nature and character of which is as follows, to wit: That deponent was an endorser on said note upon which this suit is founded ; that when the same became due and payable this deponent received no notice of the non-payment of said note, excepting a certificate of its protest purporting to have been given by C. F. Shindel, a notary public; but said certificate was not given by the said notary public, as this deponent is informed, but the protest and certificate was made by a party not legally authorized to do the same. All of which deponent expects to be able to establish on the trial of the cause."

The court subsequently granted a rule on defendant to show cause why judgment should not be entered for want of a sufficient affidavit of defence, and on December 2d, 1872, the court ordered judgment to be entered in favor of the plaintiff and against the defendant for default of sufficient affidavit of defense.

Plaintiff in error contended :

1. Endorser must have immediate notice of non-payment; 4 Kent, 131 ; 1 Parsons on Contracts, 277 ; Story on Bills, 371.

2. The act of protest must be performed by the notary public personally, and cannot be delegated : Chitty on Bills, 393 ; Onondaga county. Bank *v* Bates, 3 Hill, (N. Y.). p. 56.

In the note to Mills *v.* Banks, of the United States, (11 Wheaton, 431) in American Leading Cases, vol 1. p. 474, (5th edition), it is said, "of course the certificate of a notary is of no value at all when it is shown that he did not perform the service. If it was performed by a clerk, the fact must be proved by his evidence, in the common law forms," and then the following cases are cited :

Hunt *v.* Maybee, 3 Selden, (7 N. Y.) 266, and Cribbs *v.* Adams, 13 Gray, (Mass.) 597

3. That the fact alleged is not stated to be within the affiant's knowledge is unimportant, as he swears that he expects to be able to establish it on the trial: McClure *v.* Bringham, 1 T. & H. Pr. 383 ; Thompson *v.* Clark, 56 Pa. S. R. 33.

Defendant in error contended that all that was necessary to charge indorser was notice : Stephenson *v.* Dickson, 12 Harris, 148 ; Rahn's Ex. *v.* Phila. Bank, 1 Rawle, 335, and that defendant should have stated that he *believed* the facts alleged : Black *v.* Halstead, 3 Wr. 64, and that every fact necessary to constitute a defence should be stated in the affidavit : Peck *v.* Jones, 20 P. F. Smith, 83.

Per Curiam. March 9th, 1874.

The affidavit of defense does not deny actual notice. Indeed this is impliedly admitted, the qualification being that the defendant is informed that the protest and certificate were not actually made by the notary himself. This information is not averred to be believed by him, and might have been given by one who himself had no sufficient information. All that is stated might be true, and yet the defendant might have actual notice of the protest.

Judgment affirmed.